## WALTER REYNOLDS, ALIAS, V. THE STATE.

No. 9883. Delivered February 17, 1926.

**Resisting Arrest—Allegation and Proof—Variance Fatal.**

Where the complaint alleges that appellant had resisted arrest, on a charge that he went into and near the White House Cafe, and then and there used language calculated to disturb the inhabitants of said public place, and the evidence established that the disturbance occurred at an entirely different place, the variance is fatal.

Appeal from the County Court of Somerville County. Tried below before the Hon. J. H. Adams, Judge.

Appeal from a conviction for resisting arrest, penalty a fine of $25.00.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Appeal is from a conviction for resisting arrest, the punishment being by fine of twenty-five dollars.

It is alleged in the indictment that the arrest was without warrant but authorized nevertheless because appellant in the presence and hearing of the officer went "into and near a certain public place, to-wit: The White House Cafe, * * * and did then and there use loud, profane and vociferous language in a manner calculated to disturb the inhabitants of said public place." The evidence shows that the language used, the arrest and resistance occurred in a street or passway separated from the cafe named by two intervening buildings. The owner of the cafe testified to the public character of his place of business, but gave no evidence that the language attributed to appellant was heard by him or any one else in the cafe. There is no testimony suggesting that appellant on the occasion under investigation was in the cafe or nearer to it than the point in the street where the disturbance and arrest occurred. Under Articles 474 and 475 Penal Code (1925 Revision) the pleader might have averred that the disturbing language was used in the public street, but having chosen to allege that it occurred in or near the cafe the state is bound to meet it with corresponding proof. The failure to do this was called to the trial court's attention by exception to the evidence because of the variance mentioned.

The judgment must be reversed because of the state's failure to prove its case as alleged.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*